# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0014 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CHRISTOPHER LEE ROUSSEAU, | |
| Defendant. | |

Lola Velazquez-Aguilu, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James S. Becker, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Christopher Lee Rousseau is charged with one count of possession with intent to distribute methamphetamine, one count of carrying a firearm in relation to a drug-trafficking crime, one count of being an armed career criminal in possession of a firearm, and one count of being an armed career criminal in possession of ammunition. This matter is before the Court on Rousseau's objection to Magistrate Judge Franklin L. Noel's April 3, 2013 Report and Recommendation ("R&R"). ECF No. 36. Judge Noel recommends denying Rousseau's motions to suppress statements made to the police [ECF No. 28] and to suppress evidence obtained from the search of Rousseau's vehicle [ECF No. 29]. Following a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3), the Court overrules Rousseau's objection and adopts the R&R.

The Court adopts all of the factual findings set forth on pages one through three of the R&R. The R&R's factual findings will not be repeated here.

### A. Search of Rousseau's Vehicle

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches are "'per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.'" *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). The R&R concludes that the search of Rousseau's vehicle falls under two such exceptions — the automobile exception and the exception for searches incident to arrest. The Court agrees.

### 1. The Automobile Exception

The Court finds that the search of Rousseau's vehicle falls within the automobile exception to the warrant requirement. The automobile exception "allows law enforcement to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." *United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011) (internal quotations omitted). "Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. (internal quotations omitted).

The police unquestionably had probable cause to believe that evidence of a crime would be found in Rousseau's vehicle. Before Rousseau was even pulled over, the police had received a tip from a confidential informant who had proved reliable in the past. The informant had informed the police that Rousseau would be driving a vehicle, the type of vehicle that Rousseau would be driving, the road along which Rousseau would be traveling, and the direction in which Rousseau would be going. *See* R&R at 1-2. All of this information was verified before the

police stopped Rousseau. "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable. Information may be sufficiently reliable to support a probable cause finding if it is corroborated by independent evidence." *United States v. Thompson*, 690 F.3d 977, 985 (8th Cir. 2012) (internal quotations omitted).

The informant had also told the police that Rousseau would be in possession of a gun. *See* R&R at 4 n.2. That information was corroborated when the police found ammunition in Rousseau's pocket when he was searched incident to his arrest. In short, the tip from the informant, the prior reliability of the informant, the corroboration of the evidence provided by the informant, and especially the bullets found in Rousseau's pocket combined to provide ample reason to believe that a gun or additional ammunition — i.e., evidence of further violations of 18 U.S.C. § 922(g) — would be found in Rousseau's vehicle.

Rousseau contends, though, that the automobile exception applies only "[i]f a car is readily mobile," *see Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam), and that because the police "had already initiated the legally required towing/impound procedure," Obj. at 4 [ECF No. 38], Rousseau's vehicle was not "readily mobile" at the time of the search. But Rousseau misinterprets the ready-mobility requirement. "[T]he [automobile] exception applies as long as a car is 'readily mobile' in the sense that it is 'being used on the highways' or is 'readily capable of such use' rather than, say, 'elevated on blocks.'" *United States v. Kelly*, 592 F.3d 586, 591 (4th Cir. 2010) (quoting *California v. Carney*, 471 U.S. 386, 392-93 (1985)). There is no doubt that Rousseau's vehicle was readily capable of being used on the highways; the vehicle was searched just moments after Rousseau had been driving it on a highway. Moreover,

the vehicle would have remained "readily mobile" — and thus amenable to a warrantless search — even if it had been impounded prior to the search. *See Michigan v. Thomas*, 458 U.S. 259, 261 (1982) ("[T]he justification to conduct such a warrantless search does not vanish once the car has been immobilized . . . ."); *Chambers v. Maroney*, 399 U.S. 42, 52 (1970) (finding that police may conduct a warrantless search of a vehicle even after the vehicle has been impounded and is in police custody).

### 2. Exception for Searches Incident to Arrest

The Court also agrees with Judge Noel that the search of Rousseau's vehicle falls within the exception to the warrant requirement for searches incident to arrest. "[A] police officer who makes a lawful arrest may conduct a warrantless search of the arrestee's person and the area 'within his immediate control.'" *Davis v. United States*, 131 S. Ct. 2419, 2424 (2011) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). Under certain circumstances, police officers may also search an arrestee's vehicle upon the arrest of that person. "[A]n automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest.'" *Davis*, 131 S. Ct. at 2425 (quoting *Gant*, 556 U.S. at 343).

Rousseau does not dispute that the police had probable cause to arrest him. He characterizes his arrest, however, as being based only upon probable cause that he had committed the offense of driving without a valid license. Rousseau contends that after he was secured by the police in the squad car, neither of the two conditions described in *Davis* was present — that is, Rousseau was no longer within reaching distance of his vehicle, and the police had no reason

to believe that they would find in the vehicle evidence related to the crime of driving without a valid license. He therefore contends that the exception for searches conducted incident to arrest does not apply.

Rousseau ignores, however, that by the time his vehicle was searched, the police had probable cause to believe not only that Rousseau had driven without a valid license, but that Rousseau was a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Rousseau does not object to the R&R's conclusion that the search of his person was a constitutional search incident to arrest. That search discovered two bullets in Rousseau's pocket. *See* R&R at 2. Rousseau was known by the police to be a felon — and, as described above, the police had been told by a reliable informant (whose information had proved accurate) that Rousseau was in possession of a gun.

The police did not search Rousseau's car until after they were aware of the bullets in his pocket and the other information described above. Thus, at the time that the police searched Rousseau's car, Rousseau was being held *both* for driving without a valid license *and* for being a felon in possession of ammunition. And without question, the police had probable cause to believe that Rousseau's vehicle contained evidence relevant to the crime of being a felon in possession.

Accordingly, the evidence seized pursuant to the search of Rousseau's vehicle is admissible under both the automobile exception and the exception for searches incident to arrest. Rousseau's motion to suppress the evidence seized from that search is therefore denied.

*B. Motion to Suppress Statements Made to the Police*

Rousseau also seeks to suppress the statements that he made to the police while in custody. Rousseau alleges that his waiver of *Miranda* rights was not voluntary, knowing, and intelligent. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Rousseau's only basis for contending that his *Miranda* waiver was invalid is that no sobriety tests were performed on him prior to his interrogation "despite the likelihood that [he] was high at the time of the arrest." Obj. at 7.

A valid waiver of *Miranda* rights requires "a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Colorado v. Spring*, 479 U.S. 564, 573 (1987) (internal quotations omitted). "Only if the totality of the circumstances surrounding the interrogation reveal . . . the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Id*. (internal quotations omitted). "Sleeplessness, alcohol use and drug use are relevant" to this totality-of-the-circumstances analysis, "but intoxication and fatigue do not automatically render a confession involuntary." *United States v. Gaddy*, 532 F.3d 783, 788 (8th Cir. 2008) (internal quotations omitted). The government bears the burden to prove the validity of Rousseau's waiver by a preponderance of the evidence. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

The government has easily met its burden of proving that Rousseau's *Miranda* waiver was voluntary, knowing, and intelligent. A *Miranda* waiver form was initialed and signed by Rousseau at the beginning of the interrogation. *See* Evid Hr'g Gov't Ex. 2. More importantly, the audio recording of the interrogation suggests no reason to believe that Rousseau was in any way impaired. *See* Evid. Hr'g Gov't Ex. 1. To the contrary, as Judge Noel found, on the recording "Rousseau sounds coherent, alert, and — in a word — sober." R&R at 5.

Rousseau makes much of the fact that "little time" had elapsed between his arrest (when he may or may not have been under the influence of drugs) and his interrogation. Obj. at 7. Rousseau acknowledges, however, that *nine hours* separated Rousseau's arrest and Rousseau's interrogation. *See id*. The nine-hour gap between Rousseau's arrest and Rousseau's interrogation provides additional evidence that Rousseau was capable of waiving his *Miranda* rights. Even if Rousseau was under the influence of drugs at the time of his arrest — and the record contains no evidence that he was, other than general evidence that he was a drug user — that influence would have diminished and likely disappeared during the intervening nine hours in custody. *Cf. United States v. Henderson*, 553 F.3d 1163, 1165 (8th Cir. 2009) (per curiam) (evidence that more than two-and-a-half hours elapsed between arrest and execution of *Miranda* waiver was evidence that the waiver was voluntary, notwithstanding the allegation by the defendant that he was intoxicated at the time of arrest and during the interrogation).

The government has proven by a preponderance of the evidence that Rousseau's *Miranda* waiver was voluntary, knowing, and intelligent. Accordingly, Rousseau's motion to suppress the statements given to the police while in custody is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant Christopher Lee Rousseau's objection [ECF No. 38] and ADOPTS the April 3, 2013 R&R [ECF No. 36]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Rousseau's motion to suppress statements [ECF No. 28] is DENIED.

2. Rousseau's motion to "Suppress Fruits of Unlawful Arrest and Search and Seizure" [ECF No. 29] is DENIED.

Dated: April 26, 2013        s/Patrick J. Schiltz
       Patrick J. Schiltz
       United States District Judge